Lawrence Verline WILDER, Sr.

v.

Marc GREIDINGER.

No. Civ. S 97–2283.

United States District Court, D. Maryland.

Oct. 8, 1997.

Lawrence Verline Wider, Sr., Catonsville, MD, pro se.

Marc Greidinger, Springfield, VA, pro se.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This is a case in which the plaintiff, a Maryland resident, brings suit against a Virginia attorney for legal malpractice. The Court has considered the case under the diversity jurisdiction found in 28 U.S.C. § 1332.

The defendant has moved alternatively for summary judgment, and the plaintiff has filed an opposition, as well as his own cross-motion for summary judgment. On review, the Court is of the opinion that the defendant has shown, by a properly-supported motion, that he is clearly entitled to judgment in his favor as a matter of law, and that the plaintiff has not demonstrated by competent evidence or statements under oath or subject to the penalty of perjury that there is a genuine dispute for trial under *Fed.R.Civ.P.* 56(c), as interpreted in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The defendant's motion indicates, and the plaintiff does not effectively contradict, that Mr. Wilder did not pay Mr. Greidinger for any services beyond reviewing the case and drafting the complaint. The complaint was filed *pro se,* and Mr. Greidinger never entered an appearance or otherwise undertook to represent Mr. Wilder in this litigation. Furthermore, post-dated checks that were given to Mr. Greidinger as partial payment for the work that he had agreed to perform, in the nature of review of the file and drafting of the complaint, later bounced for insufficient funds.

Under the circumstances, Mr. Greidinger did not violate any standard of care he owed to Mr. Wilder that would support the claims made in this case, whether considered *ex contractu* or *ex delicto.* The *ad hominem* attacks made on Mr. Greidinger in Mr. Wilder's materials are entirely unwarranted and unsupported by evidence.

■ Although the Court looks with disfavor on Mr. Wilder's litigative tactics, given his financial situation, as reflected in the many pro se filings he has made, the imposition of sanctions under *Fed.R.Civ.P.* 11 of a monetary nature would not be appropriate. Likewise, non-monetary sanctions have been considered, but, based on a number of Mr. Wilder's filings, including materials he has filed in this case, the Court is of the opinion that such sanctions would not deter him from future inappropriate activity. Therefore, in the exercise of its discretion, the Court declines to impose sanctions on Mr. Wilder under *Fed.R.Civ.P.* 11.

For the reasons stated, an Order will be entered separately, granting the defendant's alternative motion for summary judgment,

denying the plaintiff's cross-motion for summary judgment, entering judgment in favor of the defendant and against the plaintiff, with costs, and denying the defendant's motion for sanctions under *Fed.R.Civ.P.* 11.

### *ORDER AND JUDGMENT*

For the reasons stated in the foregoing Memorandum Opinion, it is, this 8th day of October, 1997, by the Court, ORDERED and ADJUDGED:

1. That defendant's alternative motion for summary judgment BE, and the same hereby IS, GRANTED;

2. That plaintiff's cross-motion for summary judgment BE, and the same hereby IS, DENIED;

3. That judgment BE, and the same hereby IS, entered in favor of the defendant, and against the plaintiff, with costs;

4. That defendant's motion for sanctions under *Fed.R.Civ.P.* 11 BE, and the same hereby IS, DENIED; and

5. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to the parties.